■ TILO COMPANY, INC., Respondent, v. STEPHEN S. PANTIS et al., Appellants.— Appeal by defendants from an order of the Supreme Court, Queens County, dated May 20, 1974, which denied their motion for a change of venue to Orange County. Order reversed, with $20 costs and disbursements, and motion granted. The instant action, upon a promissory note given pursuant to an agreement whereby plaintiff foreign corporation, licensed to do business in New York, was to reroof defendants' residence, is governed by 1973 amendments to the CPLR (L. 1973, ch. 238, eff. Sept. 1, 1973) covering consumer credit transactions. For the procedural purposes of issuing a summons and laying venue, a consumer credit transaction is not defined by the words "instalment sale" or "interest" (CPLR 105, subd. [f]). Recourse to other consumer credit statutes, such as the Truth in Lending Law (U. S. Code, tit. 15, §§ 1601 et seq.) or the New York Personal Property Law (arts. 10 and 10-A), is neither necessary nor appropriate where the avowed purpose of the procedural amendments is "to protect consumers by limiting the places where a creditor can bring suit arising out of a consumer credit transaction and to provide that clerks may not accept a summons misstating venue, in such transactions". (N. Y. Legis. Ann., 1973, p. 18.) Appellants' appearance in the action moots their argument of lack of jurisdiction. Martuscello, Acting P. J., Latham, Christ and Brennan, JJ., concur; Benjamin, J., concurs in the result, with the following memorandum: I agree with the court at Special Term that this action did not arise out of a consumer credit transaction, within the meaning of CPLR 503 (subd. [f]). However, under the facts and circumstances of this case (i.e., defendants reside in Orange County, the transaction occurred in Orange County and plaintiff is a Delaware corporation whose main offices are at Stratford, Connecticut), Orange County is the proper forum for the trial (see CPLR 327).

■ HAROLD S. VOGEL, Appellant, v. SETA S. VOGEL, Respondent. In an action to impress a trust on the former marital residence of the parties, plaintiff appeals from an order of the Supreme Court, Rockland County, entered May 13, 1974, which denied his omnibus motion (1) to vacate defendant's notice to examine plaintiff before trial, (2) to dismiss defendants' first and second affirmative defenses and (3) to strike certain items from defendant's demand for a bill of particulars. Order modified by adding thereto, immediately after the decretal provision denying the branches of the motion seeking relief as to the defenses and the demand for a bill of particulars, the following: "except that items 2, 4, 5 and 7 of the demand for a bill of particulars are stricken and subdivision (a) of Item 3 thereof is limited to read as follows: (a) Set forth the approximate date when and the place where the agreement referred to in paragraph 5 of the complaint was entered into." As so modified, order affirmed, without costs. Items Nos. 2, 4, 5 and 7 of the demand for a bill of particulars were improper and subdivision (a) of Item 3 thereof was improper to the extent indicated herein. Hopkins, Acting P. J., Martuscello, Latham, Shapiro and Christ, JJ., concur.